## COUNTY OF PROVIDENCE, OCTOBER TERM, 1873, AT PROVIDENCE.

PRESENT :

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE,  } Justices.
Hon. ELISHA R. POTTER, }

## LUCIA E. BROWNELL *vs.* EDWARD R. BROWNELL.

A devise in the following words, "It is my will that the house I now own in Providence, together with the furniture, I give to my daughter, L. E. B., during her life, and at her decease I bequeath it to her oldest male heir ; but in case there should be no male heir, then the estate to be equally divided among her surviving heirs," vests an estate tail in the said L. E. B.

BILL IN EQUITY for the specific performance of a contract of purchase of a lot of land, situated on Westminster Street, in the city of Providence. The bill alleged that the complainant and respondent, on the 19th day of May, 1873, entered into an agreement, in writing, for the purchase and sale of said estate, which was signed by the respondent, and by which he agreed to purchase the same on the delivery to him by the complainant of her deed of said estate, and that she, the complainant, had tendered him her deed thereof, executed in due form of law, and demanded

payment of the purchase money, but that the respondent had refused to perform said agreement and accept said deed, because, as he claimed, the complainant could not make an indefeasible title in fee simple to said estate. The bill further alleged, that said estate was devised to the complainant by her father, Charles De Wolf, and that she, to remove any doubt as to whether she was seised thereunder only of an estate tail in said estate, had, on the 23d day of April, 1873, executed and delivered to one William R. Brownell her deed of said estate, duly executed under her hand and seal, and acknowledged in open court, and received back from said William R. Brownell his deed of said estate, bearing date April 24, 1873, for the purpose of barring said entail, if any such existed, according to the statute in such cases provided. The bill prayed that the respondent might be decreed to specifically perform his contract. The clause of the will of the said Charles De Wolf, under which the complainant claimed to derive title to the estate, will be found stated as set out in the bill, at the commencement of the opinion of the court.

To this bill the respondent demurred, alleging, as ground of demurrer, that it appeared from the complainant's bill that she had not and could not make a marketable title to said estate, or any title thereto which the respondent was bound to accept.

*Ely*, for the respondent, in support of the demurrer, contended that, in the construction of a will, the intention of the testator, so far as it can be collected from the will itself, if not contrary to the rules of law, must govern, and that by the clause in question the testator intended to give an estate for life to Mrs. Lucia E. Brownell, with remainder in fee, with a double aspect, either to her oldest son or to her other children : 1st. Because the words "heir male," *simpliciter*, in cases like this, have never been construed to create an estate tail. Co. Lit. 8 b ; Hawkins on Wills, 173 ; *Dubber* v. *Trollope*, Amb. 453 ; *Osborne* v. *Shrieve et al.* 3 Mason, 396. 2d. Because, even if the words "heir male" were words of entailment, the apparent intention of the testator might override them. *Doe* v. *Lansing*, 2 Burr. 1100 ; *Lovelace* v. *Lovelace*, Cro. Eliz. 40 ; *Luddington* v. *Kime*, 1 Ld. Raym. 203 ; *Doe d. Cooper* v. *Collis*, 4 T. R. 294 ; *Gretton* v. *Haward*, 6 Taunt. 94 ; *White* v. *Collins*, 1 Comyns, 289 ; *Hamilton* v. *Wentworth*, 58 Maine, 101 ; *Chamberlayne* v. *Chamberlayne*, 37 Eng.

L. & E. 54; *Fosbrook* v. *Fosbrook*, Law. Rep. 2 Eq. 799; *Powell* v. *Board of Domestic Missions*, 49 Pa. State, 46; *Canedy* v. *Haskins*, 13 Met. 389. 3d. Because the testator here, by the words "oldest male heir," meant oldest male child. The will was drawn, apparently, by the testator himself, and allowance is always made for this in construction. That he used the word "heirs" for "children" appears by a gift to his two daughters, in the second codicil of his will, and that this construction may be made, appears by *Bond's Appeal*, 31 Conn. 183; *Bowers* v. *Porter*, 4 Pick. 198; *Morton* v. *Barrett*, 22 Maine, 257; *King* v. *Beck*, 15 Ohio, 559; *Braddon* v. *Bannon*, 1 Greenl. Cas. 60; *Ellis* v. *Essex Bridge*, 2 Pick. 243; *Heard* v. *Horton*, 1 Denio, 165; *Vannorsdale* v. *Van Deventer et al*. 51 Barb. 137; *Goodright* v. *Dunham*, 1 Doug. 265.

*James Tillinghast*, for the complainant, *contra*. I. "'Heirs male,' in a will, as words of limitation, are construed to mean 'heirs male of the body.'" Hawkins on Wills, p. 173; Co. Lit. 27 a; *Doe d. Lindsey* v. *Colyear*, 11 East, 548; *Cooper* v. *Cooper*, 6 R. I. 261. The words in this clause are "her oldest male heir" (in the singular). But it has often been decided that "male *heir*" has the same signification as "male heirs," as above. *Dubber* v. *Trollope*, Amb. 453; *Burley's case*, cited in 1 Vent. 230, by Ld. Hale; *Osborne* v. *Shrieve et al*. 3 Mason, 396; *Cuffee* v. *Milk*, 10 Met. 366; *Lord Ossulton's case*, 3 Salk. 336; *Hall* v. *Vandegrift*, 3 Binn. 374; 4 Dane's Abr. 626, citing *Denn* v. *Slater*, 5 T. R. 335; Ld. Brougham, in *Doe d. Winter* v. *Perratt*, 7 Scott N. R. 1.

II. The words here used in connection with the words "oldest male heir," viz., "but in case there should be no male heir," plainly import an indefinite failure of issue. This court (however in other states the old rule has been changed) still maintains the common law doctrine, that words importing an indefinite failure of issue create an estate tail; *Burroughs & wife* v. *Foster*, 6 R. I. 534; *Arnold* v. *Brown*, 7 R. I. 188; *Whitford* v. *Armstrong*, 9 R. I. 394. That the word "surviving" will not change this construction, appears by *Burroughs* v. *Foster*, above cited. *Den* v. *Hugg*, 2 South. (N. J.) 427.

III. If this construction be correct, the consequence that Mrs. Lucia E. Brownell's estate is an estate tail, under the rule in

*Shelley's case*, must necessarily follow. The testator intended that the estate should keep in the line of *her* heirs male. *Osborne* v. *Shrieve et al.* 3 Mason, 391 ; *Malcolm* v. *Malcolm*, 3 Cush. 472 ; *Goodright* v. *Pullyn*, 2 Ld. Raym. 1437 ; *Denn* v. *Shenton*, 1 Cowp. 410 ; *Franklin* v. *Lay*, 6 Madd. 258 ; *Jesson* v. *Wright*, 2 Bligh, 1. The case of *Osborne* v. *Shrieve*, above cited, is one of marked similarity to the present, and, as a Rhode Island case, decided by Judge Story, is of controlling weight. Even were a different intention apparent, yet if the testator has used language which, by fixed rules, has obtained a settled construction, the construction must prevail over the apparent intention. *Bullock* v. *Waterman St. Bap. Soc.* 5 R. I. 273.

BRAYTON, C. J. The devise upon which the question before us is raised is as follows : —

" It is my will, that the house I now own in Providence, together with the furniture, I give to my daughter, Lucia E. Brownell, during her life, and at her decease I bequeath it to her oldest male heir ; but in case there should be no male heir, then the estate to be equally divided among her surviving heirs."

And the question submitted is, if the daughter took, under this devise, an estate tail in the premises, so that she could give a good title in fee, or took an estate for life only, the remainder to vest in her oldest male child.

The estate here given to the daughter is to her during her life. This is all that is expressly given her. Is this life estate enlarged by force of the language following to an estate of inheritance ?

The rule of law is, that where, by the same instrument that gave the life estate, a limitation is made to the heirs generally of the devisee, his estate becomes thereby an estate in fee simple. If limited to the heirs of the body, his estate is enlarged to an estate in fee tail, and by the same rule, if limited to the heirs male of his body, or to the heirs female of his body, the devisee takes an estate in special tail, according as the limitation be to male or female heirs, and according to Coke, 1 Inst. 22, the limitation may be still more special, as to one of the heirs male.

The limitation here is to the eldest male heir in the singular, and the doubt is suggested whether the words eldest heir male are within the rule as heirs in the plural would be, and it is contended that here they are not words of limitation but words of

purchase, and that they mean, and the testator ·meant by them,. to designate the devisee, who should take in remainder, and intended the estate to pass to the oldest son of the daughter, and that by this construction all difficulties and inconsistencies will be removed.

A devise to A. and his heirs male forever is held to give to A. an estate tail, and his heirs male construed to mean heirs of his body, and have the same effect as the words heirs male of his body, and we may so read the words in the devise.

In the case of *Dubber* v. *Trollope*, Ambl. 453, the limitation was to the first heir male of his body, and it was resolved that it was all one as if the word "heir" had been "heirs" in the plural. And it has been resolved in other cases, that a limitation to heir of the body carries the estate to all the heirs of the body; and it is said the word heir is *nomen collectivum*, including all the heirs in succession, and the estate will go in tail in the line limited, in the same way as if heirs were used. *Cuffee* v. *Milk*,. 10 Met. 366.

The limitation here is to the oldest heir male, and it is not necessary to call in aid the cases now referred to, which hold that heir may be construed as heirs in the plural, for heir in the singular may be more appropriate to express the intent of the· testator, viz., that the estate should pass by inheritance from the daughter, not to all her heirs, nor to all her male heirs, but to one only of the male heirs, and that the oldest; and that the estate should go from oldest son to oldest son in succession, is as it,would go to all the male heirs in succession were the word heirs, in the plural, used.

In *Cuffee* v. *Milk*, 10 Met. 366, where the devise was to the testator's son William, and to his oldest male heir forever, it was held, that William took an estate tail male ; and in *Canedy* v. *Haskins*, 13 Met. 389, it was held that a limitation to the oldest male heir created not merely an estate in tail male, but one which passed to the oldest male heir in succession.

.The rule of law is rigidly enforced, and it is quite settled, that where a freehold is given to the ancestor, no subsequent limitation to heirs, or heirs of the body, can make them purchasers, though the estate be given expressly for life.

Jarman says there is no exception to the rule which makes an

estate tail, except where the testator's intention appears so plainly to the contrary that nobody can misunderstand it. It must be entirely clear. *Poole* v. *Poole*, 3 B. & P. 627 ; *Dubber* v. *Trollope*, Ambl. 453.

The limitation here to oldest heir male is followed by language such as Eyre, C. J., in the case in Ambler, held sufficient to remove all doubt whether the words "heir male" were words of limitation or words of purchase. The language is, "if there shall be no male heir, the estate shall go to her surviving heirs." There was, in that case, a question whether the words "heir male of his body" were used as words of purchase or of limitation, and though the court held them to be words of limitation, and to create an estate tail, "yet suppose," said Eyre, C. J., "that they do not create an estate tail, yet the subsequent words, which are, 'and for want of such heir male, to be and remain to C.,' will effectually do it, and such heir male must be the heir male of the life tenant." There is no difficulty or inconsistency which requires this to be removed by holding the words oldest male heir to mean oldest son, and to be words of purchase ; on the contrary, an inconsistency would arise from holding them to be words of purchase.

We are of opinion that the said Lucia E. Brownell took an estate tail by this devise.

*Decree for specific performance of the contract of purchase of said estate, in accordance with the prayer of the bill.*